NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Douglas HOPKINS,

        Plaintiff,

v.

Nicholas ANTIPIN, FANNIE MAE, and
FEDERAL HOUSING FINANCE AGENCY,

        Defendants.

Civ. No. 14-3421

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the application of *pro se* Plaintiff Douglas Hopkins ("Plaintiff") to proceed *in forma pauperis.* (Docket Entry No. 1). The Court has reviewed the affidavit of indigence and the Complaint. (Docket Entry No. 1). Although the Court will grant Plaintiff's application to proceed *in forma pauperis,* the Court must dismiss Plaintiff's Complaint without prejudice for failure to comply with the applicable pleading standards.

## DISCUSSION

In considering applications to proceed *in forma pauperis,* the Court engages in a two-step analysis. *Roman v. Jeffes,* 904 F.2d 192, 194 n. 1 (3d Cir.1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the Court determines whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Id* .

**1. Application to proceed** *in forma pauperis*

To avoid paying court fees, a plaintiff may submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College,* No. 10–5505, 2011 WL 551196, at *1 (D.N.J. Feb.9, 2011). A litigant need not be "absolutely destitute" to qualify. *Mack v. Curran,* 457 F. App'x 141, 144 (3d Cir.2012).

It appears from his application that Plaintiff has a gross monthly income of $998.25 and a daughter who relies on him for support. Upon review, the Court believes that Plaintiff has shown sufficient economic disadvantage to persuade the Court to permit him to proceed *in forma pauperis.*

**2. Dismissal under 28 U.S.C. § 1915(e)**

Having granted Plaintiff's application to proceed *in forma pauperis,* the Court must screen the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e). Under § 1915(e), the Court shall *sua sponte* dismiss any claims that are "(1) ... frivolous or malicious; (2) fail[ ] to state a claim upon which relief may be granted; or (3) seek[ ] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2) (B). In making this determination, the Court reviews the Complaint under the familiar pleading standards as reiterated and clarified in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Court v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under these tenants, "[d]ismissal is appropriate where, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth 'fair notice of what the ... claim is

and the grounds upon which it rests.' " *Simon,* 2011 WL 551196, at * 1 (quoting *Twombly,* 550 U.S. at 555).  Any asserted claims must also be supported by "a short and plain statement ... showing that the pleader is entitled to relief."  *See* FED. R. CIV. P. 8(a)(2).  Finally, as Plaintiff is proceeding *pro se,* the Court must be mindful to construe the complaint liberally in his favor. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992).

Upon review of the Complaint, the Court finds that it must be dismissed for failure to comply with the requisite pleading standards.  Plaintiff's Complain contains the following claims for relief:

> EMERGENT MOTION TO STAY FANNIE MAE SALE OF DOMESTIC NJ PROPERTY
> MOTION FOR COURT SUPERVISED CONTINUENCE [sic] OF STAY TO INSURE NJAG, FHFA, & FANNIE MAE PENDING INVESTIGATIONS OF SALE AND FOPRECLOSURE [sic] PROCEEDINGS
> MOTION FOR COURT TO MONITOR ORDERLY CONDUCT of PRESENT FANNIE MAE, FHFA, NJAG INVESTIGATIONS UNDERWAY ON THIS SALE, & US CONGRESS RESOLUTION OF NATIONAL FORECLOSURE SALE POLICY AS APPLICABLE TO THIS SALE, OR AS THE PARTIES MAY RESOLVE THE MATTER

(Docket Entry No. 1 at 3).

As a preliminary matter, Plaintiff has failed to answer the Court's order to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction.  (Docket Entry No. 3).  Plaintiff's has submitted a factual overview of the circumstances surrounding the sale of his house and his divorce; however, these factual allegations do not demonstrate a basis for Plaintiffs' requested relief.  Furthermore, Plaintiff fails to provide any legal basis for his requested relief.  Plaintiff simply has not satisfied the pleading requirements of Rule 8.

In deference to Plaintiff's *pro se* status, however, and the possibility that a more detailed statement may reveal legitimate grounds for relief, the Court will dismiss Plaintiff's complaint without prejudice and with permission to re-file.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis,* (Docket Entry No. 1), but will *sua sponte* dismiss the Complaint without prejudice, (Docket Entry No. 1). An appropriate Order accompanies this Opinion.

                                                     */s/ Anne E. Thompson*
                                                     ANNE E. THOMPSON, U.S.D.J.

Date: 8/5/14